# NO. 12-13-00393-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *VALERUS COMPRESSION SERVICES, A TEXAS LIMITED PARTNERSHIP AND VALERUS COMPRESSION SERVICES MANAGEMENT, LLC, A TEXAS LIMITED LIABILITY COMPANY, GENERAL PARTNER,* | § | *APPEAL FROM THE 188TH* |
| *APPELLANTS/CROSS-APPELLEES* | § | *JUDICIAL DISTRICT COURT* |
| *V.* | | |
| *GREGG COUNTY APPRAISAL DISTRICT,* | | |
| *APPELLEE/CROSS-APPELLANT* | § | *GREGG COUNTY, TEXAS* |

## *OPINION*

This is an appeal of a dispute involving ad valorem taxation of certain equipment used to facilitate the production and processing of natural gas. Faced with dueling motions for summary judgment, the trial court granted each motion in part, holding that the taxable situs of the equipment at issue is Gregg County and that Texas Tax Code Sections 23.1241 and 23.1242 are applicable but unconstitutional as applied. Each side, Valerus Compression Services, a Texas Limited Liability Partnership, and Valerus Compression Services Management, LLC, General Partner, (collectively Valerus) and Gregg County Appraisal District (GCAD) appeals part of the judgment. The issues presented on appeal concern the constitutionality of Sections 23.1241 and 23.1242, the taxable situs, and whether the equipment at issue meets the statutory definition required to make Sections 23.1241 and 23.1242 applicable. We affirm the portion of the trial court's judgment holding that the taxable situs is Gregg County and reverse the portion of the trial court's judgment holding that Valerus met its burden to prove that Sections 23.1241 and 23.1242 are applicable. We remand the case to the trial court for further consideration.

BACKGROUND

Valerus filed a notice of protest with the Gregg County Appraisal District's Review Board regarding the 2012 appraisal rolls. Valerus contested the determination that the equipment at issue, natural gas compressor packages offered for lease, should be on Gregg County's appraisal rolls, and it contested the valuations placed on the equipment. The review board ruled against Valerus, and Valerus appealed that order to the trial court.

In its petition, Valerus asserted that since its principal place of business is in Harris County, its equipment should be taxed in Harris County. It also alleged that the equipment at issue meets the definition of "heavy equipment inventory" as that term is used in Tax Code Section 23.1241, and, because GCAD did not determine value based on the requirements of Section 23.1241, the valuations placed on the equipment are excessive. GCAD denied the allegations and asserted that Section 23.1241 is unconstitutional.

Valerus filed a motion for summary judgment claiming that it is entitled to judgment as a matter of law on all of its claims against GCAD. It argued that Section 23.1241(b), which provides the formula for determining market value of a dealer's heavy equipment inventory, applies to its leased natural gas compressor packages as a matter of law. It asserted that, because the compressor packages and coolers meet the definition of "heavy equipment" as defined by Section 23.1241(a)(6) and Valerus is a "dealer," the compressor packages and coolers are equipment, taxable as personal property, as a matter of law. Valerus also argued that Section 23.1241 does not violate the Texas Constitution. Finally, Valerus asserted that all taxes it owes pursuant to Section 23.1241 are payable in Harris County, the home of Valerus's principal place of business.

Two days after Valerus filed its motion for summary judgment, GCAD filed a motion for summary judgment. GCAD claimed entitlement to judgment as a matter of law on the issue of taxable situs and also claimed that Sections 23.1241 and 23.1242 are unconstitutional facially and as applied.

The trial court granted Valerus's motion in part, holding that the compressor packages at issue are self-powered, that they are intended for use for industrial purposes, and that Valerus is a heavy equipment dealer as defined by Section 23.1241(a)(1). Therefore, the court held, Sections 23.1241 and 23.1242 of the Texas Tax Code are applicable to the compressor packages at issue. The court denied all other requests in Valerus's motion for summary judgment. The trial court

also granted GCAD's motion for summary judgment in part, holding that Sections 23.1241 and 23.1242 of the Texas Tax Code are unconstitutional as applied to Valerus's compressor packages because they create a valuation that is not based on a reasonable market value. The court further granted GCAD's motion, holding that the compressor packages at issue had situs in Gregg County as of January 1, 2012. Both sides appealed, and each complains of the portions of the judgment that are adverse to it.

## STANDARD OF REVIEW

We review a summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). The party moving for traditional summary judgment bears the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment. *Amedisys*, 437 S.W.3d at 511. We review the evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

## APPLICABLE LAW

Statutory construction is a legal question, which we review de novo. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). In construing statutes, our primary objective is to give effect to the legislature's intent. *Tex. Lottery Comm'n*, 325 S.W.3d at 635. Where language in a statute is unambiguous, this court must seek the intent of the legislature as found in the plain and common meaning of the words and terms used. *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex. 1993). If the legislature has failed to define a word or term, we will apply its ordinary meaning. *Id*.

3

In its second issue, Valerus contends that the trial court erred in determining that the taxable situs of the equipment at issue is Gregg County. Relying on Tax Code Section 23.124(f), Valerus argues that it should pay taxes on its heavy equipment to Harris County because that is the location of its principal place of business.

**Analysis**

In its motion for summary judgment, Valerus argued that application of the general tax situs statute, Tax Code Section 21.02(a), is problematic. *See* TEX. TAX CODE ANN. § 21.02(a) (West Supp. 2014). Valerus explains, as though making a policy argument, that application of the traditional tax situs statute could lead to taxation at any of the locations outlined in Section 21.02(a), resulting in confusion and administrative difficulties. Valerus asserts that Section 23.1241(f) constitutes a specific situs provision that should be applied instead of Section 21.02(a) and, pursuant to Section 23.1241(f), the dealer's principal place of business is the sole tax situs.

Specifically, Valerus relies on Section 23.1241(f)'s directive to the state comptroller to adopt a dealer's heavy equipment inventory declaration form listing the address of each location where the declarant conducts business. *See* TEX. TAX CODE ANN. § 23.1241(f) (West Supp. 2014). Valerus construes this provision together with the comptroller's Form 50-265, which instructs dealers to file a declaration that calls this location "the business location of the inventory." Valerus concludes that the statute and the comptroller's form indicate that the "business location" is the appropriate tax situs for a dealer's heavy equipment inventory, and "business location" could include a dealer's principal place of business or principal yard location. Valerus argues that the equipment's physical location and its business location may not be the same location. It argues that "[t]ethering the heavy equipment inventory's situs to the declarant's principal place of business is consistent with the Legislature's intent to comprehensively value heavy equipment inventory as a whole."

In essence, Valerus uses Form 50-265 to interpret Section 23.1241, contending that Section 23.1241 specifically addresses situs and therefore trumps the general taxable situs statute, Section 21.02(a). In the case of an irreconcilable conflict between a general provision and a special provision, the special provision prevails. TEX. GOV'T CODE ANN. § 311.026 (West 2013). However, this rule of construction applies only when statutes are *in pari materia*,

meaning they share a common purpose or object. ***Howlett v. Tarrant Cnty.***, 301 S.W.3d 840, 846 (Tex. App.–Fort Worth 2009, pet. denied) (op. on reh'g). To determine whether two statutes share a common purpose, justifying their construction *in pari materia*, courts consider whether the two statutes were clearly written to achieve the same objective. ***Tex. State Bd. of Chiropractic Examiners v. Abbott***, 391 S.W.3d 343, 348-49 (Tex. App.–Austin 2013, no pet.).

Chapter 21 of the tax code is entitled "Taxable Situs." Section 21.02, entitled "Tangible Personal Property Generally," specifies situations in which tangible personal property is taxable by a taxing unit. TEX. TAX CODE ANN. § 21.02. There seems to be no dispute that Section 21.02 is the general statute governing the question of where tangible personal property is taxed. Determining taxable situs is the purpose of Section 21.02.

Section 23.1241 is entitled "Dealer's Heavy Equipment Inventory; Value." It provides definitions, an explanation of how to determine market value of heavy equipment, and other provisions regarding appraisal, inventory ownership, and authorization for the chief appraiser to examine the dealer's records. Additionally, Section 23.1241(f) provides that dealers must file an inventory declaration form. Section 23.1241(i) and (j) set out the repercussions for failure to file the declaration. TEX. TAX CODE ANN. § 23.1241. Nothing in Section 23.1241 refers to taxable situs.

In making its argument that Section 23.1241(f) is a specific situs statute that prevails over the general situs statute, Valerus relies on the state comptroller's Form 50-265, "Dealer's Heavy Equipment Inventory Declaration." This document, which is to be sent to the appraisal district and the county tax office, requires the dealer's name, mailing address, and the "name and physical business address of the business location of the inventory." The form also instructs dealers to attach a list with the name and business address of each location at which it conducts business. Finally, the form instructs dealers to provide the number of units for the business location and a breakdown of sales, leases, and rental amounts for the previous twelve month period. At the bottom of the first page is the statement, "The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards." Dealer's Heavy Equipment Inventory Declaration, http://www.window.state.tx.us/taxinfo/taxforms/50-265.pdf. Simply put, Form 50-265 is nothing more than a form. It does not present rules, regulations, or

5

policy that could be looked to in determining an agency's interpretation of a statute. Form 50-265 cannot be considered the comptroller's construction of Section 23.1241(f).

Section 23.1241(f) does not purport to distinguish between a business's principal place of business and other business locations. It does not provide instruction for a business to determine where, among different counties, it must pay taxes. This statute merely names reporting requirements for the benefit of the taxing authorities. We conclude that the legislature did not intend for Section 23.1241(f) to function as a situs statute. *See* ***Tex. Lottery Comm'n***, 325 S.W.3d at 635. Accordingly, Section 21.02 and Section 23.1241(f) do not have the same objective and the doctrine of *in pari materia* does not apply. *See* ***Howlett***, 301 S.W.3d at 846. Valerus did not show as a matter of law that Section 21.02 does not apply and that it should pay taxes in Harris County on heavy equipment that is located in Gregg County. *See* TEX. R. CIV. P. 166a(c).

In its motion for summary judgment, GCAD asserted that it was entitled to judgment on the issue of taxable situs. It argued that taxable situs of the equipment at issue is in Gregg County because the equipment was located in Gregg County's taxing units on the January 1 assessment date and had been in Gregg County for more than a temporary period. Because both sides moved for summary judgment on this issue and the trial court granted one motion and denied the other, we review summary judgment evidence presented by both sides and determine all questions presented regarding this issue. ***Fielding***, 289 S.W.3d at 848. Pertinent to this issue, evidence in support of GCAD's response to Valerus's motion includes the affidavit of John Rutledge, an appraiser, and evidence in support of GCAD's motion for summary judgment includes the spreadsheets listing each compressor and cooler and its location.

As a general rule, the jurisdiction to tax exists based on the length of time property is located in the taxing unit within Texas. ***Fairchild Aircraft, Inc. v. Bexar Appraisal Dist.***, 47 S.W.3d 577, 580 (Tex. App.–San Antonio 2001, pet. denied). Except for certain inapplicable exceptions, tangible personal property is taxable by a taxing unit if it is located in the unit on January 1 for more than a temporary period. TEX. TAX CODE ANN. § 21.02(a)(1). The tax code does not define what constitutes "more than a temporary period." Therefore, we must first determine the meaning of the term "temporary." Black's Law Dictionary defines "temporary" as "lasting for a time only; existing or continuing for a limited (usu. short) time; transitory." BLACK'S LAW DICTIONARY 1693 (10th ed. 2014). Thus, Section 21.02(a)(1) can be interpreted

6

to mean that property is taxable by a taxing unit if it is located in the unit on January 1 for more than a limited time. ***Patterson-UTI Drilling Co. LP, LLLP v. Webb Cnty. Appraisal Dist.***, 182 S.W.3d 14, 18 (Tex. App.–San Antonio 2005, no pet.). The situs of tangible personal property is determined by looking back in time to the location of the property in the year preceeding January 1 of the applicable tax year. ***Id***.

In its petition, Valerus stated that on January 1, 2012, it owned compressors and related equipment that were in Gregg County. Valerus attached an exhibit listing those compressors and coolers by property identification number and a brief property description. Thus, Valerus judicially admitted the location of the equipment. *See **H20 Solutions, Ltd. v. PM Realty Group, LP***, 438 S.W.3d 606, 617 (Tex. App.–Houston [1st Dist.] 2014, pet. filed). In support of its motion for summary judgment, Valerus presented the September 17, 2013 affidavit of Allen Stults, Vice President for Strategic Alliances for Valerus. In his affidavit, Stults stated that on January 1, 2012, Valerus held legal title to twenty-eight compressor packages and thirty-two cooler units in Gregg County. Thus, the summary judgment evidence supports a determination that the equipment was in Gregg County on January 1. Although Valerus mentioned the requirement that the equipment must be in Gregg County for more than a temporary period, or can be outside Gregg County only temporarily, it did so in the context of its policy argument in favor of using the principal place of business as the taxable situs. Valerus did not argue that the equipment was not located in Gregg County for a sufficient amount of time to comply with the requirements of Section 21.02(a).

The summary judgment evidence shows, and Valerus admits, that all equipment at issue was in Gregg County on January 1, 2012. The time in Gregg County varied, with arrival dates ranging from September 23, 2005, to October 18, 2011. While the record does not contain specific arrival dates for thirteen coolers, GCAD produced other evidence that established all of the equipment had been in Gregg County for more than a temporary period. Stults, in his affidavit, stated that, prior to 2012, Valerus paid taxes to the Gregg County taxing authorities for "the units physically located in Gregg County on January 1 of each year." Rutledge, the appraiser, stated in his affidavit that "[f]or prior years where the properties were located in Gregg County, the subject properties have been appraised and taxed in Gregg County. For the years preceding 2012, the subject properties and similar compressor properties were rendered in Gregg County." We conclude that, because all of the equipment at issue was in Gregg County on

January 1, 2012, and has been in Gregg County for more than a temporary period, the evidence shows, as a matter of law, that the 2012 taxable situs for the equipment at issue is Gregg County. *See* TEX. TAX CODE ANN. § 21.02(a); ***Patterson-UTI Drilling Co. LP, LLLP***, 182 S.W.3d at 18. Accordingly, the trial court did not err in granting GCAD's motion for summary judgment, or in denying Valerus's motion for summary judgment, on the issue of taxable situs. *See **Fielding***, 289 S.W.3d at 848. We overrule Valerus's second issue.

## HEAVY EQUIPMENT

In its sole issue as cross-appellant, GCAD asserts that the trial court erred in determining that Valerus's compressor packages and cooler units at issue in this case are "heavy equipment" as that term is used in Section 23.1241(a)(6). GCAD concedes that the compressor packages and cooler units at issue weigh at least 1,500 pounds and are intended to be used for industrial or mining uses. However, GCAD contends that the compressor packages and cooler units at issue do not possess the characteristics of "self-propelled," "self-powered," or "pull-type" equipment.

Valerus argues that the equipment qualifies as both "self-powered" and "pull-type" equipment. It contends that both the compressor packages and the cooler units at issue have internal combustion engines that, by themselves, power the equipment. Further, they are self-contained and do not depend on any electrical power or other external power source, apart from the natural gas they use to fuel their internal combustion engines. Valerus also asserts that resolution of this issue involves statutory construction, which is determined as a matter of law, and therefore GCAD's expert testimony is irrelevant.

## Applicable Law

Section 23.1241 provides instruction for the computation of property tax for a "dealer's heavy equipment inventory." The statute defines "dealer's heavy equipment inventory" as all items of heavy equipment that a dealer holds for sale, lease, or rent in Texas during the applicable tax year. TEX. TAX CODE ANN. § 23.1241(a)(2) (West Supp. 2014). In the context of determining value for purposes of taxation, the tax code defines "heavy equipment" as "self-propelled, self-powered, or pull-type equipment, including farm equipment or a diesel engine, that weighs at least 1,500 pounds and is intended to be used for agricultural, construction, industrial, maritime, mining, or forestry uses." TEX. TAX CODE ANN. § 23.1241(a)(6) (West Supp. 2014). Determining whether a compressor fits within the statutory definition of the term

8

"heavy equipment" is a question of statutory construction, and statutory construction involves a question of law. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). However, whether a particular compressor will satisfy the statutory definition of heavy equipment will turn on characteristics specific to that compressor. *In re Heavy Equip. Appraisal Litig.*, No. 12-0185, 2013 Tex. LEXIS 1079, at \*6 (Tex. M.D.L. Panel Feb. 14, 2013) (not designated for publication); *In re Ad Valorem Tax Litig.*, 216 S.W.3d 83, 85 (Tex. M.D.L. Panel 2006).

Valerus, as movant on this issue, had the burden to present summary judgment evidence that provided sufficient facts to support its contention that its equipment met the tax code definition as a matter of law. *See* TEX. R. CIV. P. 166a(c). Affidavits in support of summary judgment must show that they are based on personal knowledge, must set forth the facts, not conclusions, and must show that the facts are "admissible in evidence" at a conventional trial. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). If an affidavit contains information that is a unilateral or subjective determination of the facts or an opinion as to such facts, that information does not constitute summary judgment evidence. *See Armstrong v. Harris Cnty.*, 669 S.W.2d 323, 328 (Tex. App.–Houston [1st Dist.] 1983, writ ref'd n.r.e.).

## Analysis

In support of its argument, Valerus relies on Stults's affidavit. Stults explained that "Valerus is in the business of leasing compressor packages that are used to extract oil and gas by reducing well-head pressures, which facilitates the lifting and gathering of oil and gas, and also to pressurize natural gas so that it can be processed and transported through natural gas pipelines." He further explained that "[d]uring the compression process, coolers that are part of the compression packages reduce the temperature of the gas after each stage of the compression process; without coolers, the gas would become too hot for the compressors or pipelines to handle." Stults described the equipment as follows:

> 8.   The compressor packages depend upon motorized vehicles for transportation. All compressor packages, including the units located in Gregg County, are mounted on steel skids and equipped with to[w] or draw bars and/or lifting lugs, which are located at the front of the compressor packages. These features are an integral part of each compressor package's design and are not removable. When it is necessary to move a compressor package over relatively short distances–such as from position at a well site to another–a large truck will pull the compressor package by attaching a cable to the compressor package's tow bar or pull hook. When longer transport is necessary, for example, from one well

9

site to another well site, the compressor package is lifted onto a large trailer, attached to a truck. The tow bars and/or pull hooks play an essential role in this transportation effort as well, as the units are lifted onto trailers by fixing a cable to the tow bar and/or pull hooks and pulling the unit onto the trailer.

9. While the compressor packages and coolers are present at the well site, they are self-powered. All units in Gregg County, when in operation, are powered solely by the natural gas that they pressurize and process. They do not depend on any electrical power or other external power source. The natural gas supplied by the compressor package allows it to perform all necessary functions (other than transportation to another site, as described above).

10. None of the compressor packages or coolers in Gregg County are permanently affixed to the ground or to any real property. Instead, they are intended to be mobile, so that they can be moved by Valerus from one location to another, as needs dictate. Additionally, the compressor packages are connected to pipelines, but these connections are of a temporary nature.

11. All compressor packages and coolers owned by Valerus weigh more than 1,500 pounds, including all compressor packages located in Gregg County.

12. All compressor packages owned by Valerus are fabricated in Bay City in Matagorda County, Texas or in Victoria County, Texas. If maintenance is necessary that cannot be conducted at the well-site, the compressor packages are moved to Valerus' [sic] yard locations; in addition to the Kilgore facility, Valerus maintains yards in Midland County, Victoria County, and Oklahoma where some of the compressor packages currently in Gregg County have been moved for maintenance.

As additional summary judgment evidence, Valerus presented the Rule 11 Agreement that included a table listing the twenty-eight compressors and thirty-two coolers by unit number. Each compressor is also identified by horsepower and year built. For each item, the table listed the parties' agreed 2012 value if appraised pursuant to Section 23.1241 and the 2012 value if appraised pursuant to Section 21.02(a). The parties' Rule 11 Agreement placed the taxable value of twenty-two of the compressor packages and thirty-one of the cooler units, as determined under Section 23.1241, at zero, implying that these units were not rented during the year. Further, from our review of the record, we found no evidence that these specific units were held by Valerus for lease during 2012. *See* TEX. TAX CODE ANN. § 23.1241(a)(2). We express no opinion as to whether these units meet the statutory definition of "dealer's heavy equipment inventory."

We conclude that Valerus did not thoroughly develop and bring forward sufficient facts in evidence to meet its burden to prove that its equipment is "heavy equipment." We will first address Valerus's contention that the equipment is "pull-type" under the definition. In essence, Stults explained, generally, what the equipment does and that it does not transport itself. The evidence shows that the equipment can be pulled to move it to the place it needs to be in order to do its job. However, the equipment does not operate while being pulled. The tow bar is used for transport; it is not part of the compression process. Therefore, pulling is not part of the compression process, which is the equipment's job.

The other categories in the statutory definition, "self-powered" and "self-propelled," refer to the power or energy source. These categories refer to how the equipment converts fuel to energy to get the work done that the equipment is designed to do. However, "pull-type" equipment may not convert fuel to energy, but it is through the pulling process that the work is done. For instance, agricultural equipment pulled behind a tractor constitutes "pull-type" equipment. *See Hay & Forage Indus. v. New Holland N. Am., Inc.*, 60 F. Supp. 2d 1099, 1104-05 (D. Kan. 1998); *Chisholm-Ryder Co. v. Paulson Bros. Indus., Inc.*, 187 F. Supp. 489, 490 (W.D. Wis. 1960). If pulling the equipment onto a truck for transport was enough to qualify as "pull-type" equipment, then logically the categories would be based on how the equipment was placed on a truck, in which case there would also be a category for "lifted-by-crane-type." Because the legislature did not create categories based on how the equipment was placed on a truck for transport, we conclude that the legislature intended the phrase "pull-type" equipment to refer to equipment that performs its job while being pulled. *See Monsanto Co.*, 865 S.W.2d at 939. Valerus has not shown that its equipment falls in the category of "pull-type" as a matter of law.

Stults also said the equipment is self-powered. This is a conclusory statement as it does not provide the underlying facts to support the conclusion. *Eberstein v. Hunter*, 260 S.W.3d 626, 630 (Tex. App.–Dallas 2008, no pet.) Conclusory statements in affidavits are not competent evidence to support summary judgment because they are not credible or susceptible to being readily controverted. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam). Valerus had the burden to submit testimony describing conduct or circumstances that equate to the legal definition of "heavy equipment." *See Knetsch v. Gaintonde*, 898 S.W.2d 386, 389 (Tex. App.–San Antonio 1995, no writ). A witness cannot prove that equipment is self-

11

powered by merely saying it is self-powered. *See Armstrong*, 669 S.W.2d at 328. Additionally, Stults stated that the equipment is powered by natural gas. Identifying the fuel required to operate the equipment does not explain how the equipment can be categorized as self-powered.

Finally, Valerus's evidence shows that each compressor has a certain amount of horsepower. Horsepower is a unit of power. *See* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 600 (11th ed. 2003). However, an indication of the equipment's horsepower is not evidence that the equipment is self-powered. Even if, based on the indication that compressors have "horsepower," we take as true that the compressors have engines, that does not prove the equipment is self-powered. Moreover, there is no indication of "horsepower" for the coolers. If we are to infer that the compressors have engines, we would have to infer that the coolers do not.

We note also that Valerus argues in its brief that "the compressor packages and the cooler units at issue in this suit have internal combustion engines that, by themselves, power the equipment. CR.85, 223." Clerk's record page 85 is the fourth page of Stults's affidavit. The phrase "internal combustion engine" does not appear on that page or anywhere in Stults's affidavit. Likewise, that phrase does not appear on page 223, which is the second page of the affidavit of Dr. Meherwan Boyce, GCAD's expert. This affidavit is part of GCAD's evidence offered with its response to Valerus's motion. Our review of Valerus's summary judgment evidence reveals no evidence proving that either the compressor packages or cooler units have internal combustion engines.

In short, Valerus provided no evidence explaining how its equipment functions. It is impossible to know if the equipment is "self-powered" in the absence of such an explanation. Further, while the evidence shows it can be pulled, the intent is to pull it a short distance to place it in the location it needs to be in or on a truck for transport. We conclude that the equipment at issue does not fall in the category of "pull-type" as contemplated by Section 23.1241(a)(6). Accordingly, Valerus did not meet its burden to prove as a matter of law that its equipment meets Section 23.1241(a)(6)'s definition of heavy equipment. *See* TEX. R. CIV. P. 166a(c). If the movant does not satisfy its initial burden, the burden does not shift and the nonmovant need not respond or present any evidence. *Amedisys, Inc.*, 437 S.W.3d at 511. Accordingly, we need not consider GCAD's evidence on this issue. We sustain GCAD's sole issue as cross-appellant. Due to our disposition of this issue, we need not reach Valerus's first and third issues. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

The trial court properly determined that the appropriate taxable situs of the equipment at issue in this case is Gregg County. We **_affirm_** that portion of the trial court's judgment granting GCAD's motion for summary judgment on the issue of taxable situs. Because Valerus did not fulfill its burden to prove that its equipment meets Section 23.1241(a)(6)'s definition of "heavy equipment," we **_reverse_** that portion of the trial court's judgment granting Valerus's motion for summary judgment on this issue. We **_remand_** this case to the trial court for further proceedings.

**BRIAN HOYLE**
Justice

Opinion delivered January 7, 2015.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

13



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JANUARY 7, 2015

### NO. 12-13-00393-CV

### VALERUS COMPRESSION SERVICES, A TEXAS LIMITED PARTNERSHIP AND VALERUS COMPRESSION SERVICES MANAGEMENT, LLC, A TEXAS LIMITED LIABILITY COMPANY, GENERAL PARTNER,
Appellants/Cross-Appellees
V.
### GREGG COUNTY APPRAISAL DISTRICT,
Appellee/Cross-Appellant

Appeal from the 188th District Court
of Gregg County, Texas (Tr.Ct.No. 2012-1791-A)

THIS CAUSE came to be heard on the oral arguments, appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment of the court below.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the trial court is **affirmed** to the extent it orders that the taxable situs for the equipment at issue is in Gregg County, Texas.

It is further ORDERED, ADJUDGED, and DECREED that the judgment of the trial court is **reversed** to the extent it orders that Sections 23.1241 and 23.1242 of the Texas Tax Code are applicable to the equipment at issue and this cause is **remanded** to the trial court for further proceedings.

It is further ORDERED that all costs of this appeal are hereby adjudged against **VALERUS COMPRESSION SERVICES, A TEXAS LIMITED PARTNERSHIP and VALERUS COMPRESSION SERVICES MANAGEMENT, LLC, A TEXAS**

**LIMITED LIABILITY COMPANY, GENERAL PARTNER**, for which let execution issue; and that this decision be certified to the court below for observance.

                          Brian Hoyle, Justice.
                          *Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*