ACCEPTED
14-00343
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/12/2015 4:28:22 PM
KEITH HOTTLE
CLERK

**NO. 04-14-00343-CV**

# IN THE
# FOURTH COURT OF APPEALS
# San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
06/12/2015 4:28:22 PM
KEITH E. HOTTLE
Clerk

_____

**EXLP LEASING, LLC and  EES LESING, LLC,**
**Appellants**

**v.**

**WEBB COUNTY APPRAISAL DISTRICT and**
**UNITED INDEPENDENT SCHOOL DISTRICT**
**Appellees**

_____

*From the 406th Judicial District, Webb County Texas*
*Trial Court No. 2013-CV-8000074-D4*
*The Hon. Oscar J. Hale, Jr., Judge Presiding*

_____

## UNITED INDEPENDENT SCHOOL DISTRICT'S MOTION FOR REHEARING

_____

Alberto Alarcon
  State Bar No. 00968425
Paul C. Saenz
  State Bar No. 24013441
Guillermo G. Alarcon
  State Bar No. 00968410
ALARCON & SAENZ, PLLC
1302 Washington
Laredo, Texas 78040
Tel. (956) 727 8585
Fax. (956)727 8597
Email: aalarcon@sbcglobal.net

ATTORNEYS FOR THE UNITED
INDEPENDENT SCHOOL DISTRICT

# TABLE OF CONTENTS

Index of Authorities…………………………………………………………………………ii

Points Relied Upon Rehearing……………………………………………………………iii

Argument…………………………………………………………………………………1

    I.      Under the doctrine of the "last antecedent", the phrase "not in dispute" refers to value, the last and nearest antecedent, and not to the more remote phrase "the amount of taxes due"……………………………………………………………1

    II.    Applying the phrase "not in dispute" to "the amount of taxes due" renders the phrase "taxable value" meaningless and superfluous…………………...2

    III.   Under the Court's ruling, taxpayers will be able to extend the delinquency date, avoiding interest and penalties, without paying anything, simply by adding a situs dispute to their protest and appeal, regardless of merit; this is in direct contravention of the Legislature's policy…………………………2

Conclusion and Prayer……………………………………………………………………4

Certificate of Service……………………………………………………………………6

Certificate of Compliance………………………………………………………………7

# INDEX OF AUTHORITIES

## Cases

*Christus Health Gulf Coast v. Aetna, Inc.*, 397 S.W.3d 651 (Tex. 2013)………. ………4

*Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238 (Tex. 2008)... ………2

*Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433 (Tex. 2009)…………….. ………1

*In re Ford Motor Co.*, 442 S.W.3d 265 (Tex. 2014)…………………………….. ………2

*Palaniappan v. Harris Cnty. Appraisal Dist.*, No. 01-11-00344-CV, 2013 WL 6857983 (Tex. App.-Houston [1st Dist.] Dec. 31, 2013, no pet.) (not designated by publication)……………………………………………….. ………3

*Texas W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171 (Tex. 2012)………... ………1

*Valerus Compression Services v. Gregg County Appraisal Dist.,* 457 S.W.3d 520 (Tex. App.-Tyler 2015, no pet.)…………………………………….. …...iv, 4

## Statutes and Rules

Tex. Tax Code Ann. § 1.04 (10) (West, Westlawnext through 2015 Sess.)… ……...1

Tex. Tax Code Ann. § 23.1241 (West, Westlawnext through 2015 Sess.)….. …...iv, 4

Tex. Tax Code Ann. § 41.4115 (b), 41A.10 (a), 42.08 (a) (West, Westlawnext through 2015 Sess.)…………………………………... ……...2

Tex. Tax Code Ann. § 41.42 (West, Westlawnext through 2015 Sess.)……….. ……...iv

Tex. Tax Code Ann. § 42.08 (a) (West, Westlawnext through 2015 Sess.)… …...3, 4

Tex. Tax Code Ann. § 42.08 (b) (1) (West, Westlawnext through 2015 Sess.)…………………………………………………………………. ...iii, v, 1

Tex. Tax Code Ann. § 42.08 (d) (West, Westlawnext through 2015 Sess.)… ……...3

Tex. R. App. P. 49.1……………………………………………... ……...iii

**POINTS RELIED UPON REHEARING**

Pursuant to Rule 49.1 of the Texas Rules of Appellate Procedure, Appellee, United Independent School District ("UISD"), relies on the following points in filing this motion for rehearing:

Section 42.08 (b) (1) of the Texas Tax Code requires a payment in order to prevent the forfeiture of judicial review. The actual text states that the payment must be in "the amount of the taxes due on the portion of *the taxable value of the property* that is *not in dispute*" (emphasis added). In its decision, the Court misinterpreted section 42.08 (b) (1) by failing to apply the phrase "not in dispute" to the phrase's nearest and last antecedent referent, "taxable value of the property". Instead, the Court applied the phrase "not in dispute" to the more remote phrase "the amount of taxes due", stating that "the owner must pay the lesser of: (1) the amount of taxes not in dispute…." *Op.* at 5. If the Court had applied the phrase "not in dispute" to its last and nearest referent, the Court would have had to apply the meaning given by the Legislature to the phrase "taxable value". "Taxable value" only means value; not value that an entity has jurisdiction to tax. By failing to do so, the Court revised the statute and created an exception of $-0- prepayment requirement in situs disputes, an exception which is nowhere to be found in section 42.08.

Moreover, if the phrase "amount of taxes due" was intended as a referent of the phrase "not in dispute", the Legislature would not have had to include the phrase "taxable value of the property". Necessarily, if the "taxable value" is in dispute so then

iii

would be the "amount of taxes due", making the phrase "taxable value" superfluous and meaningless. In other words, it would have been sufficient to for the statute to state exactly what the Court stated: "the amount of taxes not in dispute," making the phrase "taxable value" totally superfluous and meaningless. *Op.* at 5

The Legislature's policy is easily discernible from the text of Chapters 41, 41A and 42 of the Tax Code as a whole. The policy is to prevent taxpayers from using the judicial review as a subterfuge for delaying or avoiding the payment of taxes and to assure that the activities of the local governments which rely on ad valorem taxes are not unduly impeded during judicial review. When the tax statutes were enacted, the Legislature was fully aware that there would be situs disputes. *See* Tex. Tax Code Ann. § 41.42 (West, Westlawnext through 2015 Sess.). But the Legislature chose to make no exception to the prepayment requirement in situs disputes when it could have easily done so. Whether section 42.08 ought to contain an exception to the prepayment requirement in situs cases is a policy choice the Legislature has made.

The Court's decision paves the way for abuse of the use of judicial review as a subterfuge for delaying or avoiding the payment of taxes in cases even where the situs is clearly within the jurisdiction of the taxing district. This case is a prime example. Whether the property the subject of this case is dealer's heavy equipment inventory or not has nothing to do with the clear situs of the equipment. In its decision, the Court did not address *Valerus Compression Services v. Gregg County Appraisal Dist.,* 457 S.W.3d 520 (Tex. App.-Tyler 2015, no pet.), which held that section 23.1241 (section dealing with

iv

dealer's heavy equipment inventory) has nothing to do with situs. The Court's ruling gives taxpayers an exception to the prepayment requirement not contained in section 42.08, so long as situs is in dispute. Therefore, any taxpayer may now include a claim of improper situs in their protest, even if the claim lacks merit, and then appeal an adverse ruling and the prepayment requirement would be $-0-. More gravely, the exception created by the Court gives the taxpayer the ability to extend the delinquency date, without paying a dime or incurring penalties or interest, for as long as the taxpayer can keep the case in court. This case was filed in 2013 for taxes that would have become delinquent in February 1, 2013, and there is still no delinquency date. It is obvious why the Legislature decided not to create an exception of $-0- prepayment requirement in situs disputes. If such an exception is read into section 42.08, every protest and appeal will undoubtedly contain a situs dispute, regardless of merit.

# ARGUMENT

**I.**     **Under the doctrine of the "last antecedent", the phrase "not in dispute" refers to value, the last and nearest antecedent, and not to the more remote phrase "the amount of taxes due"**

Section 42.08 (b) (1) does not provide for a payment of $-0- if the property owner claims the property is not sitused in the taxing jurisidiction, nor does it provide, as held by the Court, that "a taxpayer is required to pay only the lesser of the undisputed portion of the taxes…" *Op.* at 6.  Instead, the actual text of section 42.08 (b) (1) provides for a payment of "the amount of taxes due on the portion of *the taxable value of the property* that is *not in dispute.*" Tex. Tax Code Ann. § 42.08 (b) (1) (West, Westlawnext through 2015 Sess.) Under the doctrine of the "last antecedent," relative and qualifying words, phrases, and clauses are to be applied to the words or phrases immediately preceding, and are not to be construed as extending to or including others more remote. *Texas W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 184 (Tex. 2012). Here, the phrase "not in dispute" refers to the "taxable value of the property" and not to the more remote phrase "the amount of taxes due." And, "taxable value" does not mean value that is subject to the taxing entity's jurisdiction to tax; it simply means value. Tex. Tax Code Ann. § 1.04 (10) (West, Westlawnext through 2015 Sess.) (when the Legislature has supplied its own definition, as is the case here, the courts do not look at the ordinary or commonly understood meaning; the courts are bound by the definition supplied by the Legislature. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009)).

1

## II. Applying the phrase "not in dispute" to "the amount of taxes due" renders the phrase "taxable value" meaningless and superfluous

Moreover, applying the phrase "not in dispute" to the phrase "the amount of taxes due" would not make sense because it would render the phrase "taxable value of the property" meaningless and superfluous, in violation of yet another cannon of statutory construction. The courts must not interpret a statute in a manner that renders any part of the statute meaningless or superfluous. *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008). If the phrase "amount of taxes due" was intended as a referent of the phrase "not in dispute", it would not have been necessary to include the phrase "taxable value of the property" because if the "taxable value is in dispute" so then would be the "amount of taxes due", making the phrase taxable value superfluous.

## III. Under the Court's ruling, taxpayers will be able to extend the delinquency date, avoiding interest and penalties, without paying anything, simply by adding a situs dispute to their protest and appeal, regardless of merit; this is in direct contravention of the Legislature's policy

Also, in ascertaining the meaning of a statute, the courts must look, in addition to the particular statutory language, to the language and design of the statutory scheme as a whole. *In re Ford Motor Co.*, 442 S.W.3d 265, 280 (Tex. 2014). There can be no doubt that the meaning of the statue is that the delinquency date is not affected by a protest or an appeal unless the taxpayer pays taxes on the *value not in dispute*. Tex. Tax Code Ann. § 41.4115 (b), 41A.10 (a), 42.08 (a) (West, Westlawnext through 2015 Sess.)

2

The Legislature's policy is apparent from the text-to prevent taxpayers from using the judicial review as a subterfuge for delaying or avoiding the payment of taxes and to assure that the activities of the local governments which rely on ad valorem taxes are not unduly impeded during judicial review. *Palaniappan v. Harris Cnty. Appraisal Dist.*, No. 01-11-00344-CV, 2013 WL 6857983, at *4 (Tex. App.-Houston [1st Dist.] Dec. 31, 2013, no pet.) (not designated by publication).  Of course, an owner who is unable to pay the taxes while a protest or appeal is pending may be excused upon a showing of inability to pay, but that is not the case here. Tex. Tax Code Ann. § 42.08 (d) (West, Westlawnext through 2015 Sess.) The owner of the property who protests and appeals is given the benefit of extending the delinquency date while the case is on appeal, so long as the owner pays pay taxes on the *value not in dispute*. Tex. Tax Code Ann. § 42.08 (a) (West, Westlawnext through 2015 Sess.). Now, under the Court's ruling, owners will be able to pay $-0- by including a lack of situs claim, regardless of merit.

The Legislature's failure to make an exception of non-payment if the dispute is situs is evident. An exception of payment of taxes for *value not in dispute* is understandable because the owner is still required to make a payment. The Court's ruling means that if situs is one of the issues, the owner has to pay nothing while the case is on appeal.  With or without merit, anyone can contest situs and avoid paying anything, without accruing penalties or interest, for as long as the owner can maintain the case in court.  This subterfuge in cases where the situs is clearly within the jurisdiction of the taxing district can be used by any property owner.  In this case, for example, whether the property is

dealer's heavy equipment inventory or not has nothing to do with the clear situs of the equipment in Webb County. In *Valerus Compression Services v. Gregg County Appraisal District,* 457 S.W.3d at 524-527, the court held that section 23.1241 (the section dealing with heavy equipment inventory) is not a situs statue and it was never intended as such. The Webb County Appraisal District has already made a determination that the compressors are not dealer's heavy equipment inventory and its value, a determination that entails substantial inspection of the equipment's characteristics located in its jurisdiction. Obviously, the Legislature has made what it considers a wise policy choice to prevent such kind of abuse by not allowing taxpayers to pay nothing and be in compliance with the prepayment requirement of section 42.08. The Court should decline the taxpayers' invitation to thwart the Legislature's policy.

## CONCLUSION AND PRAYER

The Court must "take the Legislature at its word, respect its policy choices, and resist revising a statute under the guise of interpreting it", even if liberally. *Christus Health Gulf Coast v. Aetna, Inc.*, 397 S.W.3d 651, 654 (Tex. 2013). The words of the statute are not ambiguous. Its plain meaning does not provide an exception of $-0- prepayment requirement in cases involving allegations of improper situs. When the words of the statute are unambiguous and yield but one interpretation, the judge's inquiry is at end. *Id.* UISD, therefore, prays that the Court reconsider its opinion and judgment of June 3, 2015, and affirm the judgment of the trial court.

4

Respectfully submitted,

/s/ Alberto Alarcon
Alberto Alarcon
  State Bar No. 00968425
Paul C. Saenz
  State Bar No. 24013441
Guillermo G. Alarcon
  State Bar No. 00968410
ALARCON & SAENZ, PLLC
1302 Washington
Laredo, Texas 78040
Tel. (956) 727 8585
Fax. (956)727 8597
Email: aalarcon@sbcglobal.net

ATTORNEYS FOR THE UNITED
INDEPENDENT SCHOOL DISTRICT

**CERTIFICATE OF SERVICE**

I certify that on June 12, 2015, a true and correct copy of United Independent School District's Motion for Rehearing was served via the States' E-filing system upon the following counsel:


Evan A. Young
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Tel. (512) 322 2500
Fax. (512) 322 2501
Email: evan.young@bakerbotts.com

Paul R. Elliott
Benjamin A. Geslison
One Shell Plaza
910 Louisiana St.
Houston, Texas 77002
Tel. (713) 229 1241
Fax. (713) 229 2841
Email: paul.elliott@bakerbotts.com
Email: geslison@bakerbotts.com

Dylan Wood
Purdue, Brandon, Fielder, Collins & Mott L.L.P.
3301 Northland Drive, Suite 505
Austin, Texas 78731
Tel. (512) 302 0190
Fax. (512) 323 6963
Email: dwood@pbfcm.com


/s/ Alberto Alarcon
Alberto Alarcon

# CERTIFICATE OF COMPLIANCE

As required by Texas Rule of Appellate Procedure 9.4 (i) (3), I certify that this brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4 (i)(2)(B) and 9.4(i)(1). The Brief contains 1909 words. The undersigned counsel certifies that he relied upon the word count of the computer program used to prepare the document. The undersigned counsel also certifies that this brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e). This brief has been prepared in a proportionally spaced typeface in fourteen (14) point "Garamond" style font for text.

/s/ Alberto Alarcon
Alberto Alarcon