**Reversed and Remanded in Part and Affirmed in Part and Opinion filed August 25, 2015.**

In The

# Fourteenth Court of Appeals

## NO. 14-14-00268-CV

## EXLP LEASING, LLC AND EES LEASING, LLC, Appellants

## V.

## GALVESTON CENTRAL APPRAISAL DISTRICT, Appellee

**On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 12-CV-2041**

### O P I N I O N

Appellants EXLP Leasing, LLC and EES Leasing, LLC appeal from the trial court's amended summary judgment declaring that: (1) sections 23.1241 and 23.1242 of the Texas Tax Code apply to appellants' rental inventory; (2) those sections are unconstitutional as applied to that inventory; and (3) Galveston County is the taxable situs for appellants' inventory at issue in this appeal. *See* Tex. Tax Code Ann. §§ 23.1241, 23.1242 (West 2015). Appellants challenge the trial court's second and third declarations in three issues, which we consolidate into two issues.

Appellants argue in their first two issues that the trial court erred when it

declared sections 23.1241 and 23.1242 of the Tax Code unconstitutional as applied to appellants' inventory. Appellee, Galveston County Appraisal District (GCAD), responds that the trial court did not err because it proved, as a matter of law, that the statutory methodology found in Tax Code section 23.1241 was an unreasonable, arbitrary, or capricious method for determining the market value of appellants' rental inventory. Because we conclude that neither appellants nor GCAD met their respective summary judgment burden, we reverse the portion of the trial court's amended judgment declaring sections 23.1241 and 23.1242 of the Texas Tax Code unconstitutional as applied to appellants' rental inventory and remand this issue to the trial court for further proceedings consistent with this opinion.

In their third issue, appellants assert that the trial court erred when it declared Galveston County the taxable situs of appellants' inventory at issue in this appeal. GCAD responds that Tax Code section 23.1241 does not modify the default situs rules found elsewhere in the Tax Code, and therefore the trial court correctly granted its summary judgment motion on this issue. We conclude that the trial court correctly determined that Tax Code section 23.1241 is not a situs statute and that the taxable situs of the compression units at issue here is Galveston County. We therefore overrule appellants' third issue and affirm that part of the trial court's amended judgment.[1]

## BACKGROUND

Appellants are wholly-owned subsidiaries of Exterran Holdings, Inc. Appellants own compression units that are used to move natural gas from the production field into a common carrier pipeline. Appellants maintain a storage yard for their compression units in Washington County, Texas. Appellants lease their

---

[1] Because GCAD does not challenge on appeal the trial court's declaration that sections 23.1241 and 23.1242 of the Tax Code apply to appellants' rental inventories, we do not disturb that part of the trial court's amended judgment.

compression units to other wholly-owned Exterran subsidiaries, which then lease the units to third-party customers who actually use the compression units to deliver natural gas into a pipeline. The compression units at issue here were reported to be physically located in Galveston County on January 1, 2012.

Prior to 2012, GCAD appraised compression units as business personal property. Appellants annually rendered their compression units that had acquired a taxable situs in Galveston County to GCAD in sworn rendition statements. GCAD then used the information in the rendition statements to appraise the value of the compression units using the cost approach, a recognized method of appraising their market value.

In 2011, the Texas Legislature amended section 23.1241 of the Tax Code to change the method for appraising the value of a dealer's heavy equipment inventory. The new method, effective January 1, 2012, appraised the market value of a dealer's inventory by dividing the dealer's prior-year revenue from sales, leases, and rentals by twelve. *See* Tex. Tax Code Ann. § 23.1241(b). Dealers are required to file a declaration stating the name and business address of each location at which it conducts business. *See* Tex. Tax Code Ann. § 23.1241(f). Section 23.1242 requires dealers to make monthly tax payments on their heavy equipment inventory into an escrow account. *See* Tex. Tax Code Ann. § 23.1242(b).[2]

Beginning in 2012, appellants filed a declaration with GCAD stating that, as a result of the 2011 amendments to the Tax Code, its compression units located in Galveston County were now taxable in Washington County, where their business address and storage yard are located.[3] GCAD, arguing the new appraisal method was

---

[2] The parties have not addressed whether the monthly tax payments required by section 23.1242 are tied to the market value calculated under section 23.1241. We therefore express no view on that issue.

[3] In their brief on appeal, appellants admit that, but for the amendment of section 23.1241 of

unconstitutional, rejected appellants' declaration and instead appraised appellants' compression units physically located in Galveston County under the provisions for general business personal property found in section 23.01 of the Tax Code.

Appellants filed suit seeking judicial review of GCAD's 2012 appraisal of their leased compression units located in Galveston County. *See* Tex. Tax Code Ann. §§ 42.01, 42.21 (West 2015). Each side eventually moved for summary judgment. GCAD asserted in its motion that it was entitled to judgment as a matter of law for three reasons. First, GCAD argued it was entitled to summary judgment because Tax Code sections 23.1241 *et seq.* are unconstitutional as applied to the valuation and taxation of appellants' compression units. GCAD also argued it was entitled to summary judgment because appellants' compression units are not "heavy equipment" as defined by section 23.1241(a)(6) of the Tax Code, and thus the new inventory appraisal method does not apply to them. *See* Tex. Tax Code Ann. § 23.1241(a)(6) (defining heavy equipment as "self-propelled, self-powered, or pull-type equipment, including farm equipment or a diesel engine, that weighs at least 1,500 pounds and is intended to be used for agricultural, construction, industrial, maritime, mining, or forestry uses"). Finally, GCAD argued the taxable situs for the compression units at issue is Galveston County.

Appellants, on the other hand, moved for summary judgment asserting that section 23.1241 is a valid exercise of the Legislature's constitutional power to prescribe a method for appraising the value of personal property inventories. Appellants also argued that they were entitled to summary judgment because their compression units qualify as heavy equipment as defined in section 23.1241(a)(6). Finally, appellants asserted that section 23.1241(f) establishes the taxable situs of their compression unit inventories in Washington County, the location of their

the Tax Code in 2011, Galveston County would be the taxable situs of the compression units at issue in this appeal.

4

business address and storage yard.

The trial court granted GCAD's motion in part and signed a final amended judgment declaring that: (1) sections 23.1241 and 23.1242 of the Texas Tax Code apply to appellants' rental inventory; (2) those sections are unconstitutional as applied to that inventory; and (3) Galveston County is the taxable situs for appellants' inventory at issue in this appeal. This appeal followed.

ANALYSIS

Appellants' first two issues challenge the trial court's declaration that sections 23.1241 and 23.1242 of the Texas Tax Code are unconstitutional as applied to their compression unit rental inventory.[4] In their third issue, appellants assert that the trial court erred when it declared Galveston County to be the taxable situs of the compression units at issue in this appeal. We address appellants' issues in order.

## I.     Standard of review and applicable law

We review a trial court's order granting a traditional summary judgment de novo. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000); *see Missouri-Kansas-Texas R.R. Co. v. City of Dallas*, 623 S.W.2d 296, 298 (Tex. 1981) (holding that taxing authority, as summary judgment movant, had burden to prove as a matter of law that its valuations

---

[4] Appellants assert in their second issue that GCAD made only a facial challenge to sections 23.1241 and 23.1242 of the Tax Code because it offered no facts or legal theories in the trial court that apply uniquely to appellants' inventory. We regard GCAD's challenge as an as-applied challenge because the trial court limited its declaration to a holding that the statutes "are unconstitutional as applied to Plaintiffs' compression units at issue in this lawsuit," which was the remedy GCAD sought, and because GCAD concedes the statutes are constitutional as applied to sales of inventory. *See A.H.D. Houston, Inc. v. City of Houston*, 316 S.W.3d 212, 221–22 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (explaining differences between facial and as-applied challenges to the constitutionality of a statute).

were not arbitrary). When the trial court grants one motion and denies the other, the appellate court reviews both motions and determines all questions presented. *City of Garland*, 22 S.W.3d at 356. The reviewing court should either render the judgment that the trial court should have rendered or reverse and remand if neither party met its summary judgment burden. *Id.*

When examining the constitutionality of a statute, we begin with a presumption that it is constitutional. *Enron Corp. v. Spring Indep. School Dist.*, 922 S.W.2d 931, 934 (Tex. 1996); *Harris County Appraisal Dist. v. United Investors Realty Trust*, 47 S.W.3d 648, 651 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). We defer to the Legislature's determination of the statute's wisdom or expediency. *Enron Corp.*, 922 S.W.2d at 934. We assess the statute's constitutionality in light of the relevant and controlling constitutional provisions. *United Investors Realty Trust*, 47 S.W.3d at 651. A party challenging the constitutionality of a statute bears the burden of demonstrating at trial that the enactment fails to meet constitutional requirements. *Enron Corp.*, 922 S.W.2d at 934. This burden is modified in the summary judgment context, however, as discussed above. *See Missouri-Kansas-Texas R.R. Co.*, 623 S.W.2d at 298.

When construing a statute, a reviewing court looks to the plain and common meaning of the statute's terms. *Tex. Dept. of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). We read a statute as a whole, not just isolated portions. *Id.* "If the statutory language is unambiguous, we must interpret it according to its terms, giving meaning to the language consistent with other provisions in the statute." *Id., see also* Tex. Gov't Code Ann. § 311.011(a) (West 2013) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage.").

Article VIII, section 1 of the Texas Constitution provides that "[t]axation shall be equal and uniform" and that "[a]ll real property and tangible personal property in this State . . . shall be taxed in proportion to its value, which shall be ascertained as may be provided by law." Tex. Const. art. VIII, § 1(a), (b). The Supreme Court of Texas has held that this provision of the Texas Constitution requires ad valorem tax rates to be uniform for all types of property. *Enron,* 922 S.W.2d at 935 (explaining tax scheme had been held unconstitutional when certain property was taxed on 100% of its value while other property was taxed at 66 ⅔ % of its value). This constitutional provision also requires that "value" for ad valorem tax purposes "be based on the reasonable market value of the property." *Id.*; *see Jones v. Hutchinson County*, 615 S.W.2d 927, 930–31 (Tex. Civ. App.—Amarillo 1981, no writ) (holding statute requiring certain land to be valued based on its use only for agricultural purposes violated constitution's market-value requirement). In determining how to ascertain the market value of property for ad valorem tax purposes, the Legislature may use different methods for different types of property, so long as these methods are not "unreasonable, arbitrary, or capricious." *Enron,* 922 S.W.2d at 935–36; *Jones*, 615 S.W.2d at 935 ("A reasonable discrepancy between the actual value of the property and the value at which it is assessed for taxes is permissible to allow for a difference in judgment.").[5]

## II. Neither GCAD nor appellants proved entitlement to summary judgment on the constitutionality of sections 23.1241 and 23.1242.

The summary judgment evidence that the parties submitted to the trial court concerned almost exclusively whether the compression units qualified as heavy equipment under section 23.1241 of the Tax Code and thus were covered by the new

---

[5] We apply this more specific standard rather than a general rational basis standard, as the supreme court has explained that this provision of the Constitution is more than "a prohibition against irrational legislation." *In re Nestle USA, Inc.*, 387 S.W.3d 610, 622 (Tex. 2012).

inventory appraisal method. The trial court's summary judgment declared that appellants' compression units do qualify as heavy equipment, and GCAD has not appealed that declaration. The parties' evidence on this issue is therefore not relevant to any question we must decide.

As to the constitutional question whether the Legislature's new method of valuing rental inventory in section 23.1241 is based on the reasonable market value of the compression units, the parties relied largely on legal arguments. GCAD argued that basing the market value of compression units held for lease on only one month's rent is unreasonable, arbitrary, and capricious because it "inherently [cannot be] the market value of the item being leased."[6] In GCAD's view, the statutory method of dividing prior-year *sales* revenue by twelve provides a reasonable approximation of the market value of inventory held for sale on any particular date given the regular turnover of such inventory, but dividing *rental* revenue by twelve has no such reasonable approximating function with respect to rental inventory and merely produces an arbitrarily low value. To support its view, GCAD points to records showing that the new method of dividing by twelve significantly reduced the appraised value of individual compression units, sometimes to zero if a unit was not leased at all during the year. More generally, according to testimony given to a legislative committee, dealers that leased compression units were paying under the

---

[6] GCAD also argued that the new method of appraising the value of heavy equipment inventory is unconstitutional as applied to compressor rental inventories because it does not operate equally among dealers of heavy equipment. But merely establishing a different method of valuing property when it is held as inventory is not alone sufficient to hold the statute unconstitutional, as the supreme court has concluded that "the Legislature has the authority to establish a method of determining the market value of inventory that differs from the method of valuing other property for ad valorem tax purposes." *Enron*, 922 S.W.2d at 941; *see also Travis Central Appraisal Dist. v. FM Props. Operating Co.*, 947 S.W.2d 724, 728 (Tex. App.—Austin 1997, writ denied) (rejecting argument that "by treating owners of real estate inventory differently from owners of other real property, the statute violates the constitutional requirement that taxation be 'equal and uniform'"). To the extent GCAD's unequal taxation argument is based on the Legislature's failure to require dealers to pay taxes based on the market value of their rental inventory, it is addressed below.

8

new method only 3% of the property taxes they paid before the 2011 amendment.[7] GCAD also points out that the new method further reduced appellees' taxes because that method calculated value based on the rate at which appellees leased the compression units to their related companies, which then leased the same units to third parties at higher rates.

GCAD did not support these arguments, however, with evidence showing as a matter of law that the lower value of rental inventory calculated under the new statutory method is arbitrary, capricious, or unreasonable. GCAD did provide an affidavit from appraiser Hugh Landrum, who opined regarding the compression units' higher value under the cost approach, a common and recognized method of valuation. Landrum stated that he was also familiar with the income method of valuation, but was "not aware of any recognized application of [that method] under which the previous year's rentals generated by a particular piece of property are divided by twelve (12) to yield its current market value." Landrum did not show conclusively, however, that no generally accepted method of calculating market value could support the value calculated under the statute.[8] Nor did he address how GCAD's additional criticisms of the statutory calculation would impact the value of rental inventory under accepted valuation methods.[9] Thus, the trial court had

---

[7] Appellants attached a copy of this testimony to their summary judgment motion. The witness testified: "[T]he special inventory tax works fine when it's a sales price. But the way this bill got written in 2011 it taxes [rental inventory] at one month's rental income. We did an analysis within some of the counties that we work. The difference between what [dealers renting heavy equipment are] taxed on [after the 2011 amendments] and their [sic] actual market value that they paid tax on in 2011 is 97%. So [renting dealers] are paying 3% of the property taxes by trying to file under [section 23.1241 as amended]" compared to the tax they paid on the same compression units prior to the amendment.

[8] *Cf. City of Harlingen v. Estate of Sharboneau*, 48 S.W.3d 177, 182–83 (Tex. 2001) (discussing traditional approaches to determining market value of land and analyzing whether expert's method was valid); *Travis Central Appraisal Dist.*, 947 S.W.2d at 728, 733 (discussing generally accepted methods of valuing real property inventory).

[9] For example, Landrum did not address how (if at all) recognized appraisal methods take

insufficient information to determine as a matter of law—as it had to do to grant GCAD summary judgment—that the value of the compression units calculated under the statutory method was not "based on the[ir] reasonable market value." *Enron,* 922 S.W.2d at 935.

Appellants, on the other hand, made a broad-based argument in defense of the amended statute. Appellants argued that the Legislature has authority to determine the best method for appraising the value of personal property for ad valorem tax purposes, and it is not bound to a system using the "willing-buyer, willing-seller test." Appellants pointed out that the supreme court has upheld the Legislature's authority to value inventories differently from other personal property. *Enron*, 922 S.W.2d at 941. Appellants also asserted that the new method addressed a perceived problem in how to tax dealer inventories that the Legislature approached in a rational, deliberative manner; it established a simple, efficient, and uniform method for taxing heavy equipment inventories, both sales and rental. But appellants did not offer evidence of the market value of the compression units under any recognized appraisal method, leaving the trial court unable to determine conclusively that the value of appellants' rental units calculated under the statutory method was based on their reasonable market value.

In sum, reasonableness is ordinarily a question of fact. *See Wong v. Tenet Hospitals, Ltd.,* 181 S.W.3d 532, 539 (Tex. App.—El Paso 2005, no pet.) ("In general, reasonableness determinations are highly fact intensive and involve issues well suited for a jury."). Neither side produced summary judgment evidence

related-company transactions into account in determining the market value of inventory held for lease. Nor did he address how (if at all) such methods take into account the frequency with which inventory held for lease turns over. We do not offer these examples as a checklist of the kind of testimony GCAD would need to provide to obtain summary judgment. Rather, we use them to illustrate that the trial court (and this Court) have insufficient information to evaluate GCAD's additional points regarding related-company transactions and turnover because GCAD did not offer evidence of how (if at all) those matters impact value under recognized appraisal methods.

demonstrating, as a matter of law, that the method of appraising compression unit rental inventories embodied in sections 23.1241 and 23.1242 of the Tax Code is either a reasonable or unreasonable method of calculating their reasonable market value. Because GCAD did not produce evidence conclusively demonstrating that the statutory method of appraising the value of compression unit rental inventories is unreasonable, arbitrary, or capricious, we conclude the trial court erred when it granted GCAD's motion for summary judgment. We therefore reverse the portion of the trial court's judgment declaring sections 23.1241 and 23.1242 unconstitutional as applied to the compressor units at issue here. S*ee Missouri-Kansas-Texas R.R. Co.*, 623 S.W.2d at 298.

We cannot render judgment in favor of appellants, however, because they similarly did not produce summary judgment evidence establishing, as a matter of law, that sections 23.1241 and 23.1242 of the Tax Code create a reasonable method of appraising the market value of compression unit rental inventories. *See id.* (stating that a summary judgment movant, even one enjoying presumptions in its favor, must nevertheless "establish [its] entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of [its] cause of action or defense as a matter of law"). We therefore must remand for further proceedings on the constitutionality of sections 23.1241 and 23.1242 as applied to the compression unit rental inventories at issue. *See City of Garland*, 22 S.W.3d at 356.

## III. The trial court did not err in granting GCAD summary judgment on the taxable situs of appellants' compression unit inventories.

In their third issue, appellants assert that the trial court erred when it granted GCAD's motion for summary judgment in part and declared Galveston County to be the taxable situs of the compression units at issue in this appeal. In appellants' view, section 23.1241(f) of the Tax Code, as well as "the entire structure of the statute,

establishes tax situs in Washington County, where [appellants'] inventory of compressors held for lease in Galveston County and other Gulf Coast counties is located." In response, GCAD asserted that section 23.1241(f) does not address the taxable situs of inventories, which is governed by the default situs rules found in section 21.02(a)(1) of the Tax Code. *See* Tex. Tax Code Ann. §§ 21.02(a), 23.1241 (West 2015). We agree with GCAD.

This issue was recently addressed by the Tyler Court of Appeals in a remarkably similar case. *See Valerus Compression Services v. Gregg County Appraisal Dist.*, 457 S.W.3d 520 (Tex. App.—Tyler 2015, no pet.). In that case, Valerus owned a rental inventory of compressor units and other equipment. *Id.* at 523. Valerus argued its inventory qualified as heavy equipment as defined in Tax Code section 23.1241 and that it should be taxed in Harris County, its principal place of business. *Id.* The appraisal district, asserting section 23.1241 was unconstitutional, did not appraise Valerus's inventory using the formula found in that section and also argued that the property's taxable situs was in Gregg County, not Harris County. *Id.*

In the ensuing litigation, both sides moved for summary judgment. *Id.* The trial court granted both motions in part. *Id.* The trial court determined that Valerus's compressors qualified as heavy equipment and that Valerus was a heavy equipment dealer as defined in the statute. *Id.* The trial court also concluded that Tax Code sections 23.1241 and 23.1242 were unconstitutional as applied to Valerus's compressors because they created a valuation not based on reasonable market value. *Id.* Finally, the trial court determined that the taxable situs of the compressors was Gregg County, not Harris County. *Id.* Both sides appealed.

Of note here is the Tyler Court of Appeals' handling of the trial court's situs determination. On appeal, Valerus argued that section 23.1241(f) is a specific situs

statute placing the taxable situs of its rental inventory in Harris rather than Gregg County because it directed the state comptroller to adopt a dealer's heavy equipment inventory declaration form listing each location where the declarant conducts business. *Id.* at 524. Valerus asserted that this directive, combined with the resulting comptroller's Form 50-265, indicated that the taxable situs of the inventory was the inventory owner's business location. *Id.* The Tyler Court of Appeals rejected these arguments and concluded "that the legislature did not intend for Section 23.1241(f) to function as a situs statute." *Id.* at 526. It went on to hold that the general situs statute for tangible personal property, Tax Code section 21.02, controlled the taxable situs location for Valerus's compressor inventory. *Id.* The court ultimately did not reach the constitutional issue, holding that Valerus did not meet its summary judgment burden to prove as a matter of law that its compressors met the statutory definition of heavy equipment. *Id.* at 531.

Appellants make the same situs arguments in the present case that Valerus previously made and the Tyler Court of Appeals ultimately rejected. We agree with the Tyler Court's reasons for rejecting these arguments. *See id.* at 525–27. Chapter 21 of the Tax Code is entitled "Taxable Situs," and appellants have not offered any examples of the Legislature enacting a situs rule located outside of that chapter. Section 23.1241(f) is located in Chapter 23, entitled "Appraisal Methods and Procedures." That section does not use the terminology found in the situs rules of Chapter 21; it does not use the technical term situs or address when "property is taxable by a taxing unit." *Cf.* Tex. Tax Code Ann. §§ 21.01–21.02, 21.06. Accordingly, we hold that section 23.1241(f) does not create a specific situs rule for appellants' inventory. Instead, its situs is determined under the general rule of section 21.02.

Appellants did not argue in the trial court, and do not argue on appeal, that the

13

compressor units at issue here were located outside Galveston County on January 1, 2012. Indeed, appellants admit in their appellate briefing that but for their interpretation of section 23.1241(f), the taxable situs of the compressor units would be in Galveston County. We therefore overrule appellants' third issue on appeal and affirm the portion of the trial court's summary judgment declaring Galveston County to be the taxable situs of the compressor units at issue.

## CONCLUSION

Having concluded that neither GCAD nor appellants met the summary judgment burden regarding the constitutionality of Tax Code sections 23.1241 and 23.1242 as applied to appellants' rental inventory, we reverse the part of the trial court's amended judgment declaring those sections unconstitutional as applied and remand that issue to the trial court for further proceedings consistent with this opinion. We affirm the remainder of the trial court's amended judgment.


/s/    J. Brett Busby
             Justice


Panel consists of Justices Jamison, Busby, and Brown.

14