**ADVANCED POWDER SOLUTIONS, INC., Appellant**

**v.**

**HARRIS COUNTY APPRAISAL DISTRICT, Appellee**

NO. 14-16-00313-CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed June 13, 2017

Rehearing En Banc Denied September 5, 2017.

Carol Ann Albers Cantrell, Carlton Bryan Cantrell, Houston, for appellant.

Andrea Chan, Houston, for appellee.

Panel consists of Justices Boyce, Jamison, and Brown.

## OPINION

Marc W. Brown, Justice

Advanced Powder Solutions, Inc., filed a motion to correct the 2013 appraisal rolls. The Appraisal Review Board ("ARB") determined that it did not have jurisdiction to consider or grant the relief requested and dismissed Advanced Powder's motion. Advanced Powder appealed to the trial court. The Harris County Appraisal District ("HCAD") filed a plea to the jurisdiction contending Advanced Powder did not pay its 2013 taxes before they became delinquent. The trial court granted HCAD's plea and dismissed the suit without stating its reasons. In five issues, Advanced Powder contends the trial court erred in granting HCAD's plea to the jurisdiction and motion to dismiss. We conclude that Advanced Powder forfeited its right to a final determination on its motion by failing to timely pay the taxes due under section 25.26 of the Texas Tax Code. As a result, Advanced Powder did not exhaust its administrative remedies and the trial court did not have jurisdiction to make a final determination on the motion. We affirm the judgment of the trial court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Advanced Powder began doing business in Harris County at 12245 FM 529 Road,

Building H, Houston, Texas 77041 in March 2012. Advanced Powder was subject to Harris County property taxes starting in 2013. HCAD mailed a Notice of Appraised Value ("Notice") to Advanced Powder at 12245 FM 529 RD STE H, Houston, TX 77041-2815. The Notice stated an appraised value of $1,287,743 for inventory located at 12247 FM 529 RD H, Houston, TX 77041, a location where Advanced Powder has never done business. Advanced Powder did not receive the Notice.[1] Advanced Powder did not timely pay the 2013 taxes and a tax warrant was issued on July 24, 2014. The tax warrant was executed and served on Advanced Powder on September 16, 2014. Advanced Powder paid the full amount of taxes owed at that time.

Advanced Powder filed a Form 25.25, Real Property Request/Motion ("Correction Motion") to correct the appraisal roll related to its 2013 taxes on September 30, 2014. *See* Tex. Tax Code Ann. § 25.25 (West 2015). A hearing on the Correction Motion was held before the ARB. At the hearing, the ARB panel inquired whether the undisputed amount of the 2013 taxes had been paid timely. *See id.* § 25.26 (West 2015). Advanced Powder presented no evidence to establish the payment of 2013 taxes before the delinquency date of February 1, 2014. The ARB dismissed the Correction Motion based on a lack of jurisdiction to consider or grant the relief requested.

The ARB issued an order of dismissal stating "[t]he board determined that it does not have jurisdiction to consider or grant the relief requested." Advanced Powder appealed that decision to the trial court. HCAD filed a plea to the jurisdic-

tion and motion to dismiss contending the trial court did not have jurisdiction because Advanced Powder did not timely pay its 2013 taxes. In the alternative, HCAD argued Advanced Powder was not entitled to a correction under section 25.25(c) because the appropriate procedure to challenge the assessed value of property was under chapter 41 or section 25.25(d).[2] The trial court signed an order granting HCAD's plea to the jurisdiction and motion to dismiss on April 8, 2016. This appeal followed.

## II. ANALYSIS

In five issues, Advanced Powder challenges the trial court's grant of HCAD's plea to the jurisdiction and motion to dismiss. First, Advanced Powder contends the trial court erred in granting HCAD's motion to dismiss because it met the requirements for a correction of the appraisal roll under section 25.25(c). Second, Advanced Powder contends the trial court erred if it granted HCAD's plea under section 42.01(a)(1)(B) because Advanced Powder stated a claim within the trial court's jurisdiction under that section. Third, Advanced Powder contends the trial court erred if it granted HCAD's plea based on the payment requirements of section 25.26 because it met the payment requirements under section 42.08(b). Fourth, Advanced Powder contends the trial court erred if it granted HCAD's plea under section 42.01(a)(1)(C) because that section is inapplicable. Finally, Advanced Powder contends the trial court erred if it granted HCAD's plea based on any failure to exhaust administrative remedies.

1. While the Notice was mailed to the correct business address, Advanced Powder maintains a separate mailing address at 14102 Halprin Creek Drive, Cypress, Texas 77429-8042.

2. Unless otherwise noted, all references to section or chapter pertain to the Texas Tax Code.

We begin by addressing Advanced Powder's second, third, fourth, and fifth issues. Taken together, these issues challenge the trial court's grant of HCAD's plea contending it satisfied the jurisdictional requirements for a claim under section 25.25(c), which permits a tax roll to be corrected under certain circumstances. HCAD contends the trial court's judgment was proper and Advanced Powder forfeited its right to a final determination of its Correction Motion under section 25.26, which forecloses relief under section 25.25 unless the taxpayer timely pays under protest the undisputed taxes. We must determine whether the trial court has jurisdiction over a section 25.25(c) claim on appeal when the property owner admittedly did not timely pay its taxes under section 25.26.

## A. Standard of review

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We review a trial court's ruling on a plea to the jurisdiction de novo. *Id.* at 228; *Woodway Drive, L.L.C. v. Harris Cty. Appraisal Dist.*, 311 S.W.3d 649, 651 (Tex. App.— Houston [14th Dist.] 2010, no pet.).

"When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda*, 133 S.W.3d at 226. We must accept as true all factual allegations in the petition, construe the pleadings liberally, and look to the pleader's intent. *Id.* at 226–27; *Woodway Drive*,

311 S.W.3d at 651. To prevail on a plea to the jurisdiction, the defendant must demonstrate that even if all the plaintiff's pleaded allegations are true, an incurable jurisdictional defect remains on the face of the pleadings that deprives the trial court of subject matter jurisdiction. *Woodway Drive*, 311 S.W.3d at 652. A trial court may consider the pleadings and any evidence pertinent to the jurisdictional inquiry. *Id.*

## B. Proceedings before the ARB

"The Texas Tax Code provides detailed administrative procedures for those who would contest their property taxes." *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006). The administrative procedures in the Tax Code are exclusive. *See* Tex. Tax Code Ann. § 42.09 (West 2015). Exclusive original jurisdiction was bestowed upon appraisal review boards by the legislature in ad valorem tax cases. *See Rourk*, 194 S.W.3d at 502. "This administrative review process is intended to 'resolve the majority of tax protests at this level, thereby relieving the burden on the court system.'" *Harris Cty. Appraisal Dist. v. ETC Marketing, Ltd.*, 399 S.W.3d 364, 367 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (citing *Webb Cty. Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954 (Tex. 1990)).

Advanced Powder filed its Correction Motion under section 25.25(c) of the Texas Tax Code. This section permits a property owner to correct errors in the appraisal roll after the time limits for a chapter 41 administrative protest to the ARB have expired, but limits the property owner's ability to change approved tax appraisal rolls. *See U. Lawrence Boze' & Assocs., P.C. v. Harris Cty. Appraisal Dist.*, 368 S.W.3d 17, 25 (Tex. App.—Houston [1st Dist.] 2011, no pet.). If the chief appraiser and property owner do not agree on the correction, then the property owner is en-

titled to a hearing and determination of the motion by the ARB. Tex. Tax Code Ann. § 25.25(e).

A property owner who files a section 25.25(c) motion must comply with the payment requirements of section 25.26 or forfeit the right to a final determination of the motion. *Id.* § 25.25(e). Section 25.26(b) requires that:

> Except as provided by Subsection (d), a property owner who files a motion under Section 25.25 must pay the amount of taxes due on the portion of the taxable value of the property that is the subject of the motion that is not in dispute before the delinquency date or the property owner forfeits the right to proceed to a final determination of the motion.

*Id.* § 25.26(b). Generally "taxes are due upon receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed." *Id.* § 31.02(a) (West Supp. 2016). Section 25.26(d) permits a property owner claiming indigence to be excused from the timely payment of taxes before the determination of a motion if the ARB finds payment would constitute an unreasonable restraint on the property owner's right of access to the board. *Id.* § 25.26(d).

HCAD mailed a notice of appraised value for 2013 to Advanced Powder on September 27, 2013. It is uncontested that Advanced Powder did not pay its 2013 taxes before February 1, 2014. Because Advanced Powder did not pay the 2013 taxes by February 1, 2014, it did not satisfy the requirements of section 25.26. *See id.* § 25.26(b). Additionally, Advanced Powder does not contend it was excused from paying its taxes under section 25.26(d).

## C. Appeal to the district court

After obtaining a determination from the ARB, a property owner may appeal the determination to the district court. *See id.* §§ 25.25(g), 42.01, 42.21 (West 2015). A district court's review of the ARB decision is by trial de novo. *Id.* § 42.23(a) (West Supp. 2016). Advanced Powder contends its appeal to the trial court arises under section 42.01(a)(1)(B) because the ARB's order is a determination on a motion under section 25.25. Advanced Powder further contends it has not forfeited its right to appeal because it met the payment requirements of section 42.08(b)(3). HCAD contends Advanced Powder's appeal to the trial court arises under section 42.01(a)(1)(C) because the ARB's order is a determination that Advanced Powder forfeited the right to a final determination on its section 25.25 motion for failing to comply with section 25.26. Further, HCAD contends Advanced Powder cannot show it complied with section 25.26 and, therefore, is not entitled to a final determination on appeal of its Correction Motion.

### 1. Advanced Powder's appeal arises under section 42.01(a)(1)(C).

Determining whether subsection (a)(1)(B) or (a)(1)(C) applies requires us to construe section 42.01. The construction of a statute is a question of law that we review de novo. *Atmos Energy Corp. v. Cities of Allen*, 353 S.W.3d 156, 160 (Tex. 2011). In construing statutes, we must give effect to the Legislature's intent. *Id.* When possible we must discern that intent from the meaning of the words chosen. *In re Estate of Nash*, 220 S.W.3d 914, 917 (Tex. 2007). When statutes are clear and unambiguous, as they are here, we must apply the statute's words according to their common meaning without resort to rules of construction or extrinsic aids. *Id.*; *see also Traxler v. Entergy Gulf States, Inc.*, 376 S.W.3d 742, 747 (Tex. 2012) (describing the preference for applying a statute's words as "cardinal law"). "Taxing statutes are

construed strictly against the taxing authority and liberally for the taxpayer." *Morris v. Houston Indep. School Dist.,* 388 S.W.3d 310, 313 (Tex. 2012).

Section 42.01 provides:

(a) A property owner is entitled to appeal:

(1)an order of the appraisal review board determining:

\* \* \*

(B) a determination of an appraisal review board on a motion filed under Section 25.25;

(C) a determination of an appraisal review board that the property owner has forfeited the right to a final determination of a motion filed under Section 25.25 . . . for failing to comply with the prepayment requirement of Section 25.26 . . .

\* \* \*

(b) A property owner who establishes that the owner did not forfeit the right to a final determination of a motion or of a protest in an appeal under Subsection (a)(1)(C) is entitled to a final determination of the court, as applicable:

(1) of the motion filed under Section 25.25[.]

Tex. Tax Code Ann. § 42.01. The order of dismissal issued by the ARB stated "[t]he board determined that it does not have jurisdiction to consider or grant the relief requested." In its pleadings, Advanced Powder states that the ARB determined it "forfeited the right to a final determination of the motion for failing to comply with the prepayment requirements for administrative relief under Tex. Tax[ ] Code § 25.26." While acknowledging no special language was required for the ARB order beyond that specified in section 41.47(e), Advanced Powder argues the ARB order was not one described in section 42.01(a)(1)(C). While the plain language of the order did not

state Advanced Powder had forfeited the right to a final determination of its Correction Motion for failing to comply with the prepayment requirement of section 25.26, the order contained the language required by section 41.47(e). "No other statutory provision mandates that an appraisal review board include specific language in an order determining protest." *JR Wellness Servs., LLC v. Harris Cty. Appraisal Dist.,* No. 01-13-00272-CV, 2014 WL 1267053, at *7 (Tex. App.—Houston [1st Dist.] Mar. 27, 2014, no pet.) (mem. op.). The Tax Code does not require the ARB to include any further specific language regarding the reasons for dismissal.

■ At the hearing before the ARB the panel chairman indicated "in order to proceed on this, one of the requirements of the property tax code is that the undisputed taxes on the amount—the taxes on the undisputed amount have to have been paid timely and without penalty." The representative of Advanced Powder had no evidence to offer to establish that the 2013 taxes were timely paid under section 25.26. The ARB denied the Correction Motion with each member stating their reasons for denial on the record as follows:

[ARB Panel Member 1]: I'm going to agree that, you know, the undisputed amount of taxes have to be paid, and of course, we, as a panel, not being furnished to us for us to proceed. So I'm also—my decision will be to deny the motion based on that.

[ARB Panel Member 2]: Deny the motion based on 25.25(c) requirement for the payment factors.

[ARB Panel Member 3]: Okay. And I am, as well. Let's make it unanimous. Deny the motion based on lack of tax payment information for the undisputed amount.

Based on our review of the record, we conclude the ARB order of dismissal was a

determination that Advanced Powder forfeited the right to a final determination of its *Correction Motion for failing to comply* with the payment requirements of section 25.26, a fact acknowledged by Advanced Powder in its pleadings.

 The clear, unambiguous language of section 42.01(a)(1)(C) provides that a right of appeal arises under that subsection when an ARB determines that the property owner has forfeited the right to a final determination of a motion filed under section 25.25 for failing to comply with the prepayment requirement of section 25.26. Tex. Tax Code Ann. § 42.01(a)(1)(C). The evidence establishes that the ARB made such a determination in this case. In contending section 42.01(a)(1)(C) does not apply here, Advanced Powder argues the legislative history shows it was enacted to afford relief to indigent taxpayers. When a statute is unambiguous, we do not consider the legislative history. *See Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 283–84 (Tex. 1999). Based on the clear and unambiguous meaning of section 42.01(a)(1)(C), we conclude that it is applicable to Advanced Powder's appeal.

Advanced Powder also contends that, even if section 42.01(a)(1)(C) applies, it can pursue its appeal under section 42.01(a)(1)(B) because the provisions are separated by an "or" meaning either can be used. HCAD contends that section 42.01(a)(1)(C) is more specific and when applicable should control over the general language of section 42.01(a)(1)(B). Appellant counters that the provisions are not in conflict so this cannon of statutory construction does not apply.

Advanced Powder's approach would render section 42.01(a)(1)(C) superfluous, permitting an appeal under section 42.01(a)(1)(B) even when the ARB determined the property owner forfeited its right to final determination under section 25.25. If a party could choose to proceed under section 42.01(a)(1)(B), when the clear language of section 42.01(a)(1)(C) applied, then it would render part of the statute ineffective. In construing the statute, we presume all parts were intended to be effective. *See* Tex. Gov't Code Ann. § 311.021(2) (West 2013). As opposed to Advanced Powder's disjunctive interpretation, we harmonize sections 42.01(a)(1)(B) and 42.01(a)(1)(C) to give effect to all sections under these circumstances. Based on the plain language, section 42.01(a)(1)(C) would apply in the specific situation presented in this case where the ARB determined the property owner forfeited a right to final determination under section 25.25 based on a failure to comply with section 25.26. Section 42.01(a)(1)(B) would apply to determinations made by the ARB on a motion filed under section 25.25 where such forfeiture determination was not made. Alternatively, even if the provisions cannot be harmonized, appellant's appeal to the trial court would still arise under section 42.01(a)(1)(C) because the general provision of section 42.01(a)(1)(B) must yield to specific provision under section 42.01(a)(1)(C). *See id.* § 311.026 (West 2013); *Carlson v. City of Houston*, 309 S.W.3d 579, 587 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Accordingly, we conclude that Advanced Powder's right to appeal the ARB determination to the trial court arose under section 42.01(a)(1)(C).[3]

**2. Advanced Powder was not entitled to a final determination of its Correction Motion on appeal.**

 To be entitled to appeal the ARB order, Advanced Powder was required to

---

3. Having concluded Advanced Powder's right of appeal arises under section 42.01(a)(1)(C), we do not address its argument that a determination under section 42.01(a)(1)(B) does not have to be "on the merits." *See* Tex. R. App. P. 47.1.

establish that it did not forfeit its right to a final determination of its Correction Motion by timely paying the undisputed taxes. *See* Tex. Tax Code Ann. § 42.01(b). It is uncontested that Advanced Powder did not pay the necessary amount of taxes prior to the delinquency date pursuant to the requirement of section 25.26. Accordingly, Advanced Powder cannot establish that it did not forfeit the right to a final determination by the ARB of its Correction Motion under section 25.25. *See id.* §§ 25.25(e), 25.26(b); *see also TVMAX Holdings, Inc. v. Spring Indep. School Dist.*, No. 01-14-00304-CV, 2015 WL 1967596, at *6 (Tex. App.—Houston [1st Dist.] Apr. 30, 2015, no pet.) (mem. op.).

■ "Subject matter jurisdiction is 'essential to a court's power to decide a case.'" *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013). Here, the trial court had jurisdiction to determine whether the ARB correctly decided that Advanced Powder forfeited its right to a final determination. *See* Tex. Tax Code Ann. § 42.01(a)(1)(C), (b). Based on the trial court's grant of HCAD's plea, we imply that it found the ARB's dismissal of Advanced Powder's motion based on its forfeiture of the right to a final determination was correct. *See Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989); *Hebisen v. Clear Creek Indep. School Dist.*, 217 S.W.3d 527, 536 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (appellate court implies all necessary findings in support of the judgment). Because Advanced Powder did not comply with section 25.26, the trial court did not err in implicitly finding Advanced Powder could not establish that it did not forfeit its right to a final determination by the ARB. *See* Tex. Tax Code Ann. § 25.25(e); *U. Lawrence Boze'*, 368 S.W.3d at 30–31. The trial court was precluded from reaching a final determination on the Correction Motion. *U. Lawrence Boze'*, 368 S.W.3d at 30–31.

**3. Compliance with section 42.08(b)(3) does not negate the need to comply with section 42.01(b).**

Advanced Powder contends "[t]he legislature did not give the [ARB] the power to make a 'final' determination on a property owner's correction motion where the property owner did not comply with the payment requirements of Section 25.26." Advanced Powder goes on to argue that "[i]t reserved that right to the district court" when the property owner meets the other requirements of judicial appeal. Advanced Powder contends it met the requirements of judicial appeal and the trial court had the authority to make a final determination of its Correction Motion. HCAD contends that the trial court "had jurisdiction to consider whether the ARB had jurisdiction to make a final determination of [Advanced Powder's] section 25.25(c) motion." HCAD further contends that because the ARB did not have jurisdiction to make a final determination, the trial court could not properly exercise jurisdiction over the merits and did not err in granting the plea.

Advanced Powder relies on section 42.08(b)(3) contending it complied with the payment requirements for judicial review of the merits by the trial court. Section 42.08(b)(3) permits a property owner to pay "the amount of taxes imposed on the property in the preceding tax year" before the delinquency date or the property owner forfeits the right to a final determination on appeal. *See* Tex. Tax Code Ann. § 42.08(b)(3) (West 2015). Advanced Powder argues it was a new business in 2012 and the first year it was subject to taxes in Harris County was 2013. Accordingly, Advanced Powder contends the previous year's taxes were zero dollars and it did not forfeit its right to a final determination on appeal under section 42.08(b)(3).

■■■■ Presuming Advanced Powder complied with section 42.08(b)(3), we are presented with the issue of whether a trial court has jurisdiction to make a final determination on a section 25.25 motion when the ARB did not. The procedures provided for in the Tax Code for the adjudication of the grounds of protest authorized by that statute are exclusive. *See id.* § 42.09(a); *Rourk,* 194 S.W.3d at 502. The legislature granted the ARB jurisdiction to consider section 25.25(c) motions. *See* Tex. Tax Code Ann. § 25.25(e). Based on Advanced Powder's failure to timely pay its property taxes before the delinquency date, it forfeited the right to a final determination by the ARB. *See id.* §§ 25.25(e), 25.26. If the property owner fails to seek available relief before the ARB, then the trial court lacks jurisdiction to decide most matters relating to the ad valorem taxes. *See Matagorda Cty. Appraisal Dist. v. Coastal Liquids Partners, L.P.,* 165 S.W.3d 329, 331 (Tex. 2005).

Here, section 42.01(b) limits the trial court's authority to make a final determination. Section 42.01(b) entitles a property owner to a final determination on its section 25.25 motion by the trial court if it establishes that it did not forfeit its right to a final determination on its motion before the ARB. *See* Tex. Tax Code Ann. § 42.01(b). Sections 42.01 and 42.08 must be read together, and both given effect, if possible. *See Tex. Student Housing Auth. v. Brazos Cty. Appraisal Dist.,* 460 S.W.3d 137, 141 (Tex. 2015); *EXLP Leasing, LLC v. Galveston Cent. Appraisal Dist.,* 475 S.W.3d 421, 426 (Tex. App.—Houston [14th Dist.] 2015, pet. granted).

Chapter 42 of the Tax Code addresses judicial review of a decision by the administrative agency. *See* Tex. Tax Code Ann. §§ 42.01–42.43 (West 2015 & Supp. 2016). Section 42.01 addresses the right of appeal by a property owner and section 42.08 addresses the forfeiture of remedy for nonpayment of taxes. Under section 42.08, a property owner may not be entitled to a final determination of its appeal if it does not pay taxes, in a certain amount, prior to the delinquency date. Additionally, under section 42.01(b), a property owner is not entitled to a final determination of its appeal if it does not establish that it did not forfeit its right to a final determination by the ARB. These provisions provide separate requirements for a property owner to be entitled to a final determination of the merits on appeal. A property owner is required to comply with both sections. We conclude Advanced Powder is not entitled to a final determination of its Correction Motion on appeal because it cannot establish it did not forfeit its right to final determination. *See id.* §§ 25.25(e), 25.26(b), 42.08(b).

**4. Section 25.25(g) does not entitle Advanced Powder to a final determination on its Correction Motion.**

■■■■ Advanced Powder also contends that section 25.25(g) permits an appeal regardless of whether it satisfied the payment requirement of section 25.26. Advanced Powder contends appeal to the trial court is merited under both section 42.01 and section 25.25(g). Having concluded that Advanced Powder is not entitled to a final determination of its appeal under section 42.01, we evaluate whether section 25.25(g) provides an alternative method which entitles Advanced Powder to a final determination on its Correction Motion.

Section 25.25(g) provides:

Within 60 days after receiving notice of the appraisal review board's determination of a motion under this section or of a determination of the appraisal review board that the property owner has forfeited the right to a final determination of a motion under this section for failing to comply with the prepayment require-

ments of Section 25.26, the property owner or the chief appraiser may file suit to compel the board to order a change in the appraisal roll as required by this section. . . .

See id. § 25.25(g). Section 25.25(g) allows the property owner to compel the ARB to order a change in the appraisal roll when it does not agree with the ARB's determination. We are not permitted to read this section in isolation. This section must be read in light of the provisions governing judicial review of an ARB determination. See id. § 42.01 (which applies to an appeal of a determination under section 25.25); EXLP Leasing, 475 S.W.3d at 426.

In the present case, the ARB determined it did not have jurisdiction due to Advanced Powder's failure to comply with section 25.26. In seeking to compel an order that the ARB order a change to the appraisal roll, Advanced Powder would need to establish that the ARB determination was incorrect. See Tex. Tax Code Ann. § 42.01(b). It is undisputed that Advanced Powder did not comply with the payment provisions of section 25.26. Accordingly, Advanced Powder cannot establish the ARB decision was incorrect. We conclude section 25.25(g) does not give the trial court authority to compel a change to the appraisal roll in this case.

### D. No exhaustion of administrative remedies

Advanced Powder contends the failure to comply with section 25.26 did not deprive the ARB of jurisdiction. Rather, the ARB had jurisdiction to determine compliance with section 25.26. Once that determination was made, Advanced Powder could appeal that decision to the trial court, which conducts a de novo review. Accordingly, Advanced Powder contends the trial court can make a final determination on its Correction Motion notwithstanding its fail-

ure to comply with section 25.26 and is not limited to resolving the issue of whether it forfeited the right to a final determination by the ARB.

A property owner must exhaust its administrative remedies prior to seeking judicial review. U. Lawrence Boze', 368 S.W.3d at 27. " '[A] taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes.' " Rourk, 194 S.W.3d at 502. While trial de novo generally cures all procedural errors from the proceedings below, the failure to comply with section 25.26 is a jurisdictional error as it implicates the exhaustion of remedies. See U. Lawrence Boze', 368 S.W.3d at 30–31. A trial court's review is still appellate in nature and dependent upon the issue having been raised with the ARB. ETC Marketing, Ltd., 399 S.W.3d at 371. "The reviewing court (here, the district court) may exercise jurisdiction and rule on the merits of an appeal only if the lower court (here, the appraisal review board) properly exercised jurisdiction over the issue." Id.; see also Tex. Tax Code Ann. § 42.01(b); U. Lawrence Boze', 368 S.W.3d at 27 ("Compliance with the tax code is a jurisdictional prerequisite to pursuing judicial review.")

The ARB correctly determined that Advanced Powder did not comply with section 25.26 and therefore forfeited the right to have its Correction Motion considered. Accordingly, the trial court was without jurisdiction to reach the merits of the claim. See U. Lawrence Boze', 368 S.W.3d at 30–31. Advanced Powder failed to exhaust its administrative remedies under the Tax Code. We conclude the trial court did not err in granting HCAD's plea to the jurisdiction and overrule Advanced Powder's second, third, fourth, and fifth issues.

### III. CONCLUSION

Advanced Powder forfeited its right to final determination by the ARB by failing to comply with the payment requirement of section 25.26. The trial court had jurisdiction to consider whether the ARB's order determining Advanced Powder forfeited its right to final determination was proper. It is uncontested that Advanced Powder did not comply with section 25.26 and we conclude the ARB's dismissal was proper. Because the ARB did not have jurisdiction to render a final determination on Advanced Powder's Correction Motion, the trial court did not have jurisdiction to render a final determination and properly granted HCAD's plea to the jurisdiction. For these reasons we overrule Advanced Powder's second, third, fourth, and fifth issues. Having overruled these issues and concluded the trial court lacked jurisdiction to render a final determination on Advanced Powder's Correction Motion, we need not reach its first issue regarding the motion to dismiss. *See* Tex. R. App. P. 47.1. We affirm the trial court's judgment.